UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DANNY CALDERON,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 13-0525-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Danny Calderon ("Plaintiff") appeals from the denial of his application for Supplemental Security Income ("SSI") benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") did not err in determining Plaintiff's severe impairments and offered specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician. The ALJ also stated sufficiently clear and convincing reasons to reject Plaintiff's testimony regarding his symptoms. Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his application for SSI benefits on March 31, 2010, alleging disability beginning January 21, 2009. In an unfavorable opinion, the

Administrative Law Judge ("ALJ") concluded, based upon the testimony of a vocational expert ("VE"), that Plaintiff could perform jobs that exist in significant numbers in the regional and national economy. Administrative Record ("AR") 22-32.

## II.
## ISSUES PRESENTED

The parties dispute whether (1) the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence; and (2) the ALJ erred in assessing Plaintiff's credibility. See Joint Stipulation ("JS") at 4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

### A. The ALJ's RFC Assessment Was Supported by Substantial Evidence

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence based upon two alleged errors: (1) the ALJ erred in failing to find various mental impairments severe at step two of the sequential evaluation process, and therefore did not include these impairments in the RFC assessment; and (2) the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician. JS 4-8. The Court will address each issue in turn.

#### 1. Severity of Mental Impairments

Plaintiff argues that the ALJ erred in finding that Plaintiff's alleged mental impairments of depression, post-traumatic stress disorder ("PTSD"), bipolar disorder, and schizoaffective disorder were not severe at step two of the sequential evaluation. JS 6. The ALJ did find that Plaintiff had the severe mental impairments of mood disorder with reported circumstantial psychotic symptoms and personality disorder. AR 24.

The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a).[1] The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting,

---

[1] The Code of Federal Regulations contains two substantively identical instances of each Social Security regulation. In the interest of brevity, the all further references will be to a single location in the C.F.R.

pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." SSR 85-28; see Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988). A "finding of no disability at step two" may only be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that [claimant's] claim was 'groundless'").

Here, Plaintiff has not offered sufficient evidence to demonstrate that his depression, PTSD, bipolar disorder, and schizoaffective disorder have more than a minimal effect on his ability to perform work-related functions. Although Plaintiff may have been diagnosed with these mental impairments, he has not pointed to any record evidence which would demonstrate that these impairments have any effect on his ability to perform basic work activities. See Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) (although claimant's medical records established that she was obese, she failed to demonstrate that her obesity limited her functioning or impaired her ability to work in any way); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the [claimant] clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'"); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) ("The mere diagnosis of [an ailment] . . . says nothing about the severity of the condition.").

Moreover, when assessing Plaintiff's RFC, the ALJ took Plaintiff's medically determinable mental impairments into account by concluding that Plaintiff would be limited to "performing no more than moderately complex tasks up to 5 steps and avoiding emotionally-charged interpersonal interactions." AR 27. Plaintiff has not pointed to any evidence in the record to demonstrate that his other mental impairments cause greater functional limitations than those found by the ALJ. Although the threshold required to show that an impairment is severe at step two is "minimal," here there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688. If Plaintiff believed his depression, PTSD, bipolar disorder, and schizoaffective disorder negatively affected his ability to work, he bore the burden of providing supporting medical documentation. Although an ALJ has a duty to develop the record, the ALJ does not need to "discuss every piece of evidence," Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), particularly where, as here, there does not appear to be any objective medical evidence in the record to support a finding that Plaintiff's depression, PTSD, bipolar disorder, and schizoaffective disorder were severe. Accordingly, the ALJ did not err in finding that some of Plaintiff's mental impairments were non-severe at step two of the sequential evaluation process.

### 2. Opinion of the Treating Physician

Plaintiff also argues that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Wali. JS at 6. In a Mental Impairment Questionnaire dated April 11, 2011, Dr. Wali provided the following opinions: Plaintiff had marked functional limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace; Plaintiff had had four or more episodes of decompensation within a 12 month period, each of at least two weeks duration; Plaintiff had an anxiety related disorder that caused a complete

inability to function outside his home; and Plaintiff's mental impairments would cause him to be absent from work more than four days per month. AR 385-88.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. § 404.1527(d)(2)(i)-(ii).

The ALJ provided legitimate reasons for refusing to give Dr. Wali's opinion controlling weight, each of which is supported by substantial evidence in the record. First, the ALJ found that Dr. Wali's finding of extreme functional limitations was unsupported by any objective medical evidence in the record or any clinical observations. AR 29. The Commissioner may take into account whether a medical opinion is well supported in determining the weight to give the opinion. See 20 C.F.R. § 404.1527(c)(2); see also Tonapetyan, 242 F.3d at 1149 (ALJ properly disregarded treating physician's opinion where there was "no objective evidence to support [the] diagnoses, not even a clinical observation"); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.

1995) (holding that ALJ properly rejected physician's opinion where it was conclusory and unsubstantiated by relevant medical documentation).

Second, the ALJ noted that Dr. Wali's opinion was based almost entirely upon Plaintiff's "subjective reports." AR 29. "[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted." Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995)); see also Morgan v. Chater, 169 F.3d 595, 602 (9th Cir. 1999). Because the ALJ reasonably determined that Plaintiff was not fully credible, as discussed in Section B., infra, the ALJ properly discounted the treating physician's opinion, which was in turn based upon Plaintiff's discredited statements.

Finally, the ALJ noted that Dr. Wali's opinion was contradicted by the opinions of the testifying medical expert and the reviewing State Agency physicians, whose opinions were more consistent with the record as a whole than Dr. Wali's. AR 28-29. The testifying medical expert and the reviewing physicians all agreed that Plaintiff retained a significantly greater mental functional capacity than was found by Dr. Wali. For example, Dr. Amado, the State Agency psychological consultant, concluded that Plaintiff was capable of unskilled work activity in a low stress setting away from the general public. AR 246-48. Dr. Malancharuvil, the testifying psychological expert, concluded that Plaintiff had no limitations in activities of daily living, and only mild-to-moderate limitations in social functioning and in concentration, persistence and pace. AR 62-63. Here, because the opinions of the medical expert and reviewing State Agency physicians were consistent with the medical evidence as a whole, the ALJ permissibly relied upon these opinions, rather than Dr. Wali's. See Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-

examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Based on the foregoing, the Court finds that the ALJ offered specific and legitimate reasons for rejecting Dr. Wali's assessment, each of which is supported by substantial evidence in the record.

**B.   The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. See JS 18-22. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2008) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain and other subjective symptoms are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 404.1529(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General

findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834). The ALJ may consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

Plaintiff testified at the administrative hearing that he has bipolar disorder, major depressive disorder, and schizoaffective disorder, which cause him to experience body pains, blackouts, weakness, hallucinations, racing thoughts, dizziness, paranoia, difficulty sleeping, and anxiety attacks. Plaintiff further testified that he has a lack of motivation, as well as problems with memory, completing tasks, being around other people, concentration, understanding, and following instructions. AR 55-61.

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that, despite Plaintiff's claims of debilitating mental impairments, he was nevertheless able to perform nearly all activities of daily living. AR 27. For instance, Plaintiff testified that he can care for his personal needs, prepare simple meals, go grocery shopping, pay bills, count change, and handle a checking/savings account. AR 183-87. Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. See Bray v. Comm'r of Soc. Sec.

Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

Second, the ALJ noted that Plaintiff gave inconsistent statements and testimony regarding his alcohol use: "At the hearing, the claimant was less than forthright about his alcohol use, at first denying any use for a number of years; but then he later admitted ongoing regular alcohol use." AR 27-28 (citing AR 71-72, 293). An ALJ may reasonably rely on a claimant's inconsistent statements in assessing credibility. See Thomas, 278 F.3d at 959; Verduzco, 188 F.3d at 1090 (holding that the ALJ properly relied upon inconsistent statements about alcohol use to reject the claimant's testimony).

Third, the ALJ cited Plaintiff's poor work history as a reason for finding him less than fully credible. AR 27. As noted by the ALJ, Plaintiff worked infrequently prior to the alleged disability onset date and had not worked at all from 1996 to 2007. AR 27 (citing AR 142-43, 169). The ALJ was permitted to rely on Plaintiff's work history in assessing his credibility. See 20 C.F.R. § 416.929(c)(3) (in evaluating the intensity and persistence of a claimant's symptoms, the fact finder "will consider all of the evidence presented, including information about [the claimant's] prior work record"); see also Thomas, 278 F.3d at 959 (holding that the ALJ properly determined that claimant was not credible where the claimant "had an 'extremely poor work history' and 'ha[d] shown little propensity to work in her lifetime'").

Finally, the ALJ extensively reviewed the medical evidence and reasonably determined that it did not support Plaintiff's alleged symptoms and limitations. AR 28-29. As noted by the ALJ, the testifying medical expert and

the reviewing State Agency physician both opined that Plaintiff was capable of performing work with some mental restrictions. AR 28-29 (citing AR 62-63, 246-47). Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604. It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective testimony. Reversal is therefore not warranted on this ground.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the matter is DISMISSED with prejudice.

Dated: March 18, 2014

**DOUGLAS F. McCORMICK**

_____

DOUGLAS F. McCORMICK
United States Magistrate Judge